<u>NOT FOR PUBLICATION</u>

```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                       CAMDEN VICINAGE
_____
                               :
FAHED TAWALEBEH,               :
                               :   Civil Action No. 14-4759 (RMB)
               Petitioner,     :
                               :
          v.                   :        OPINION
                               :
JORDAN HOLLINGSWORTH,          :
                               :
               Respondent.     :
_____:
```

**BUMB**, District Judge:

This matter comes before the Court upon Petitioner's § 2241 petition ("Petition") that arrived accompanied by his <u>in forma pauperis</u> application. <u>See</u> Docket Entries Nos. 1 and 1-1.

Petitioner is a federal inmate currently confined at the FCI Fort Dix, New Jersey.[1] <u>See</u> <u>generally</u>, Docket. Although he had a number of criminal convictions, <u>see</u>, <u>e.g.</u>, <u>United States v. Tawalbeh</u>, Crim. Action No. 94-0112 (JLK) (W.D. Va.) (food stamp fraud), his current term resulted from a conviction and sentence rendered by the United States District Court for the Western District of Virginia after he was found guilty of burning a competitor's store by, <u>inter</u> <u>alia</u>, using an incendiary device

---

[1] Petitioner misspelled his name on the Petition, and the Clerk misread Petitioner's Register Number. Therefore, this action was commenced on behalf of "Fahed Tawalebh, Register Number 47552-084," while Petitioner is Fahed Tawalebeh, Register Number 04552-084. The Court will direct the Clerk to cure these errors.

known as a "Molotov Cocktail" and conspiring with others to commit that offense. See United States v. Abed et al., Crim. Action No. 97-0024 (JPJ) (W.D. Va.). He is serving a 431-month term of imprisonment. See id.; see also http://www.bop.gov/inmateloc/ (projected release date is June 18, 2028).

Petitioner and his co-conspirators' direct appellate challenges were dismissed. See United States v. Abed, 203 F.3d 822 (4th Cir.), cert. denied, 529 U.S. 1121 (2000). Between the denial of appeal and June of this year, he filed at least three § 2255 motions and a coram nobis petition with his sentencing court and at least two applications before the Fourth Circuit requesting leave to file a second/successive § 2255 motion. See Tawalbeh v. United States, Civil Action No. 14-80755 (JPJ) (W.D. Va.); Tawalbeh v. United States, Civil Action No. 14-0297 (JPJ) (W.D. Va.); Tawalbeh v. United States, Civil Action No. 12-80481 (SGW) (W.D. Va.); Tawalbeh v. United States, Civil Action No. 00-0858 (SGW) (W.D. Va.); Tawalbeh v. United States, Civil Action No. 07-0145 (JLK) (W.D. Va.). All those applications were denied. See id.

Having those applications denied, he has filed the Petition at bar asserting that his conviction had to be wrongful because his underlying penal "record [did] not establish that he had obtained the requisite knowledge that a [M]olotov [C]ocktail

would be used in . . . time to . . . withdraw from the crime." Instant Matter, Docket Entry No. 1, at 11. Building on that allegation, he has asserted that he must deemed "actually innocent" of the crimes he was convicted of and, thus, must be allowed to resort to § 2241 review because another § 2255 motion, if he were to file it, would also be dismissed: as untimely and jurisdictionally barred as a second/successive petition. See id. at 7-9 (citing, inter alia, McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), and the cases McQuiggin built on).

"Petitioner's allegations mix apples and oranges, and many other fruits as well." McKnight v. United States, 2014 U.S. Dist. LEXIS 86164, at *36 (D.N.J. June 25, 2014) (citation omitted). The aspect of "actual innocence" examined in McQuiggin is inapposite to Petitioner's circumstances. In McQuiggin, the Supreme Court held that, in order to avoid a miscarriage of justice, a federal court may entertain a § 2254 petition (i.e., a habeas application by a state prisoner) if the petition states facts that could amount to a convincing claim of actual innocence even if the statute of limitations for such a petition has expired. See McQuiggin, 133 S. Ct. at 1934-35. That equitable exception applies only to a "severely confined category" of cases, namely, those matters where the petitioner produces *new* evidence sufficient to show that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." Id.

3

at 1933 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).[2] Here, Petioner does not dispute his participation in the events underlying his conviction, he is merely challenging a purely legal aspect. Nothing in McQuiggin provides a basis for relief when such claim is asserted: McQuiggin did not even have a reason to address this issue. Correspondingly, construed as a McQuiggin-based application, the Petition must be dismissed as an untimely and a second/successive § 2255 motion filed with the court that neither has nor could have § 2255 jurisdiction over the Petition.

That said, this Court cannot ruled out that Petitioner's mentioning of the "safety valve" might indicate that he had a qualitatively different "innocence" in mind, i.e., the "innocence" addressed by the Court of Appeals in In re Dorsainvil, 119 F.3d 245 (3d Cir. Pa. 1997). However, even if this Court were to construe the Petition as a Dorsainvil-based rather than a McQuiggin-based application, the Petition is still subject to dismissal, this time for lack of § 2241 jurisdiction.

After his conviction becomes final, a federal prisoner generally may challenge the legality of his conviction or sentence only through a motion filed pursuant to § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). And while the "safety valve" clause of § 2255 allows a petitioner to

---

[2] In other words, the McQuiggin analysis applies where a person was convicted on the basis of the events to which he had no connection whatsoever.

4

seek a writ of habeas corpus under § 2241, such application could be made only in the "rare case" when a § 2255 motion would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  "Section 2255 [does not become] inadequate or ineffective merely because . . . the one-year statute of limitations has expired."  Cradle v. Miner, 290 F.3d 536, 539 (3d Cir. 2002).  Rather, a § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."  United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (quoting Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954) (internal quotation marks omitted).  The phrase "wrongful detention" means that: (a) the petitioner "is being detained for conduct that has subsequently been rendered *non-criminal* by an intervening Supreme Court decision"; and (b) the petitioner is barred from filing a § 2255 petition.  In re Dorsainvil, 119 F.3d at 252 (emphasis supplied).

    Thus, the Dorsainvil test turns on whether the litigant was convicted of an act which, by a later decision of the Supreme Court, is no longer qualified as a crime.[3]  Dorsainvil, 119 F.3d

---

    [3] Hence, the focus of the Dorsainvil inquiry is on the penal statute under which the litigant was convicted, not on the sufficiency of the underlying penal record.  To illustrate, if: (a) a defendant is convicted under the statute prohibiting "use"

at 252.  Here, the acts underlying Petitioner's convictions, i.e., conspiracy, resort to a "Molotov Cocktail" and burning the competitor's building, were never found by the Supreme Court to be non-criminal: each of these acts is as much a crime now as it was when Petitioner was convicted in 1998.

Thus, no matter how this Court were to slice it, the Petition is subject to dismissal for lack of jurisdiction.  In light of numerous denials of Petitioner's § 2255 motions by his court of conviction and at least two Fourth Circuit denials of his applications for leave to file a second/successive § 225 motion, transfer of the Petition at bar to either the Western District of Virginia or the Fourth Circuit appears not in the interests of justice.

---

of a firearm during a drug crime, even though he did not "use" the gun which was merely laying in his car, and he never even touched the gun; and (b) after his conviction and unsuccessful § 2255 motion, the Supreme Court, in Bailey v. United States, 516 U.S. 137 (1995), interprets that statute to mean that, to "use" a gun during a drug crime, a person must actually "employ" the gun, (c) then that defendant can raise his attack under § 2241, by resorting to the "safety valve," because – even though he does not dispute his underlying penal record – the Bailey ruling makes him "innocent" since the facts of his record can no longer amount to a "crime."  In contrast, when a litigant is convicted of an act that remains a crime, the narrow escape into § 2241 jurisdiction offered by Dorsainvil is unavailable, even if the litigant keeps insisting that his underlying penal record is insufficient.  Had it been otherwise, the direct appellate and § 2255 processes, and the periods of limitations associated with those processes, would automatically be rendered superfluous, since any criminal defendant would be able to challenge his conviction at any time under § 2241 by simply insisting that the record underlying his conviction is insufficient.

Therefore, the Petition will be denied, and no transfer will be ordered.

An appropriate Order follows.

<pre>
                                s/Renée Marie Bumb
                                **RENÉE MARIE BUMB**
                                **United States District Judge**
</pre>

Dated: August 15, 2014